MRS. R. L. BEAN *vs.* MARK W. INGRAHAM AND J. W. INGRAHAM.

Knox. Opinion July 13, 1929.

*Frank Tirrell*, for plaintiff.
*J. H. Montgomery*, for defendants.

Sitting: Wilson, C. J., Dunn, Sturgis, Barnes, Farrington, JJ.

Sturgis, J.   At *Nisi Prius*, the presiding Justice charged the defendant, Mark W. Ingraham, as trustee in a *scire facias* action brought to enforce a judgment in trustee process against the defendants as trustees and the Camden Lumber & Fuel Co. as principal defendant. The defendant, J. W. Ingraham, was discharged. Rulings sustaining the validity of the proceedings and charging the trustee were challenged by exceptions.

The Bill of Exceptions states that "Judgment in the original action was rendered on the 2d Tuesday of September, 1927, which was the 13th day." This, of judicial knowledge, was the 13th day of the month. Demand upon the execution was first made October 15, 1927. It was again made on an alias execution July 16, 1928.

Trustee process in this State is created by statute and regulated by the statutory requirements. *Hibbard* v. *Newman*, 101 Me., 410; *Hanson* v. *Butler*, 48 Me., 81. *Scire facias* actions to enforce judgments rendered in trustee suits are governed by the same statute and are authorized only upon compliance with its requirements. The provisions of Chap. 91 of the current Revised Statutes determine the validity of this proceeding.

By Sec. 67, the plaintiff in a trustee suit may sue out a writ of *scire facias* to enforce his judgment against a trustee only when the trustee does not, on demand of the officer holding the execution, pay over and deliver to him the goods, effects and credits of the principal defendant in his hands, and the execution is returned unsatisfied.

But by Secs. 73 and 74, the demand must be made within thirty days after final judgment in the trustee suit. At the expiration of that period, the attachment by the original process, as against the trustee, is dissolved, and, if no second attachment has intervened, the principal defendant may recover his goods, effects and credits in the hands of his trustee "as if they had not been attached." *McAllister* v. *Furlong*, 36 Me., 307; *Bachelder* v. *Merriman*, 34 Me., 69.

In the Massachusetts statute governing trustee process, in its early form incorporated in substantial part into the original statute of this state (P. L., 1821, Chap. 61), with a continuing similarity of form and substance since that time, a provision appears, attaching liability to the trustee to pay on demand after the ex-

piration of thirty days, if there has been no second attachment and no action has been brought to recover by the principal defendant. Mass. Revised Statutes, Chap. 109, Sec. 45; *Burnap* v. *Campbell*, 6 Gray (Mass), 241.

This provision of the Massachusetts Statutes has not been adopted in this state. The statute as here written casts the penalty of delay in demand upon the plaintiff in the trustee suit, remitting the principal defendant to his original right in his goods, effects and credits in the hands of the trustee, with a right of action for their recovery. Failure to make demand within thirty days, absolves the trustee, we think, from further liability under the trustee process, and bars the maintenance of an action of *scire facias* to enforce the original judgment.

Upon the facts stated in the Bill of Exceptions it appears that the demands here made were both more than thirty days after judgment. The mandate must be

*Exceptions sustained.*